**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             **CASE NO. 1:05-cv-00193-MP-AK**

THE GAINESVILLE HOUSING AUTHORITY,
BERNADETTE WOODY, SARAH MOZELL,
MADISON COVE OF GAINESVILLE, LTD.,
D/B/A/ MADISON COVE APARTMENTS,
DAVIS PROPERTY MANAGEMENT, INC.,
FRAN FOCO, and PAUL FOCO,

    Defendants.
_____/

**CONSENT DECREE**

Plaintiff United States and Defendants Gainesville Housing Authority, Bernadette Woody, Sarah Mozell, Madison Cove of Gainesville, Ltd., d/b/a Madison Cove Apartments, Davis Property Management, Inc., Fran Foco and Paul Foco[1] agree to the terms of this Consent Decree resolving this action filed by Plaintiff United States.

**I. INTRODUCTION**

The United States of America filed the Complaint on behalf of Sheila and Charles O'Steen ("Complainants") pursuant to subsection 812(o) of the Fair Housing Act ("the Act"), 42 U.S.C. § 3612(o).

The United States alleges that the Complainants are handicapped or disabled within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h) and that both have disabilities that

---

[1] The parties have agreed to dismiss Defendants Bernadette Woody, Sarah Mozell, Fran Foco and Paul Foco from this action.

substantially limit their mobility, coordination, muscular power (strength) and ability to walk up stairs.  Specifically, the United States alleges that Charles O'Steen has arthritis, cardiovascular disease, and a pacemaker, and that Sheila O'Steen has cardiomyopathy, congestive heart failure and coronary artery disease, and is required to carry and use an oxygen tank.  The Complaint alleges that Defendants the Gainesville Housing Authority ("GHA"), Bernadette Woody, Sarah Mozell, Madison Cove of Gainesville, Ltd., Davis Property Management, Inc., Fran Foco and Paul Foco discriminated against the Complainants, who were residents of Madison Cove Apartments (the "Subject Property") in Gainesville, Florida, by refusing their requests for a reasonable accommodation of their disabilities.

The Subject Property is a 96-unit apartment complex located in Gainesville, Florida, and is owned by Madison Cove of Gainesville, Ltd.  Davis Property Management, Inc. is the owner's agent and management company.  At all times relevant to this action, Fran and Paul Foco were employed by Davis Property Management, Inc.[2]

The GHA is a participant in HUD's Public and Indian Housing Program and administers the Section 8 voucher program.  Sarah Mozell was employed by the GHA as a Section 8 counselor and was the Complainants' intake specialist during their initial application to Section 8.  In July 2001, she was assigned as their Section 8 counselor.  Bernadette Woody is the deputy executive director of the GHA.

The Complaint alleges the following:  that the Defendants discriminated in the rental, or otherwise made unavailable or denied, a dwelling to the Complainants because of disability, in violation of 42 U.S.C. § 3604(f)(1)(A); that the Defendants discriminated against the

---

[2] Madison Cove of Gainesville, Ltd., d/b/a Madison Cove Apartments and Davis Property Management, Inc. are hereinafter referred to as "the DPM Defendants."

Complainants in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2)(A); and that the Defendants discriminated against the Complainants by refusing to make reasonable accommodations in rules, policies, practices, or services, which were necessary to afford the Complainants an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).  The Complaint further alleges that Defendants GHA and Bernadette Woody coerced, intimidated, threatened, or interfered with the Complainants in the exercise or enjoyment of, or on account of their having exercised or enjoyed any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

On or about April 14, 2003, the Complainants filed a timely complaint with the United States Department of Housing and Urban Development ("HUD") pursuant to 42 U.S.C. § 3610(a), alleging discrimination on the basis of disability and retaliation or intimidation.  HUD conducted an investigation of the complaint and determined that reasonable cause existed to believe that discriminatory housing practices had occurred, and it issued a Charge of Discrimination.  After the Complainants elected to proceed in federal court, HUD referred the case to the Department of Justice for filing pursuant to 42 U.S.C. § 3612(o)(1).

The Defendants deny that they discriminated against the Complainants on the basis of disability.  The Defendants have entered into this Consent Decree for settlement purposes only, and neither the entry of the Decree nor any action taken under it should be construed as an admission by the Defendants of any fault or wrongdoing, or as an admission of the validity of the United States' claims.

The parties agree that this Court has jurisdiction over the subject matter of this case

pursuant to 28 U.S.C. § 1345, § 1331, and 42 U.S.C. § 3612(o).  The parties further agree that, to avoid costly and protracted litigation, the claims against the Defendants should be resolved without further proceedings and an evidentiary hearing.  Therefore, as indicated by the signatures below, the parties agree to the entry of this Consent Decree.  This Consent Decree constitutes full resolution of the claims in the Complaint that the Defendants discriminated against the Complainants on the basis of disability.

It is hereby ORDERED, ADJUDGED, AND DECREED:

## II.  GENERAL INJUNCTION

1.  The Defendants, their officers, employees, agents, successors and assigns, and all other persons in active concert or participation with them are enjoined from:

> a.  Discriminating in the rental of, or otherwise making unavailable or denying, a dwelling because of a disability of the renter, of any person residing in or intending to reside in the dwelling after it is rented or made available, or of any person associated with the renter, in violation of  42 U.S.C. § 3604(f)(1);
>
> b.  Discriminating against a person in the terms, conditions, or privileges of the rental of a dwelling or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person, a person residing or intending to reside in the dwelling after it is rented, or any person associated with that person, in violation of 42 U.S.C. § 3604(f)(2);
>
> c.  Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford residents with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3); and

d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Act, including the Complainants, as well as anyone who participated in HUD's investigation of the administrative complaints that gave rise to this action, in violation of 42 U.S.C. § 3617.

### III.  DAMAGES FOR AGGRIEVED PERSONS

2.  Within ten (10) days of the entry of this Decree, the Defendants shall pay the Complainant Sheila O'Steen thirty seven thousand five hundred dollars ($37,500) in monetary damages and shall pay the Complainant Charles O'Steen twelve thousand five hundred dollars ($12,500) in monetary damages.  Defendant GHA shall pay said money by sending to the United States a check for eighteen thousand seven hundred fifty dollars ($18,750) payable to Sheila O'Steen and a check for six thousand two hundred fifty dollars ($6,250) payable to Charles O'Steen.  Similarly, the DPM Defendants shall pay said money by sending to the United States a check for eighteen thousand seven hundred fifty dollars ($18,750) payable to Sheila O'Steen and a check for six thousand two hundred fifty dollars ($6,250) payable to Charles O'Steen.[3]  Upon receipt of the checks, the United States shall send to the Defendants executed Releases of all claims, legal or equitable, that the Complainants have or might have against the Defendants arising from the allegations raised in this action and any other action pending with HUD arising from the above allegations (Appendix A).

---

[3]  For purposes of this Decree, all submissions to the United States or its counsel should be sent by overnight mail to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G Street, N.W., Suite 7002, Washington, D.C. 20006, Attn: DJ# 175-17-64.

## IV.  NONDISCRIMINATION AND COMPLAINT POLICIES

3.  Within thirty (30) days of the entry of this Decree and throughout the term of this Decree, the DPM Defendants shall post and prominently display in the rental offices of the properties they own and/or manage and in any other places at those properties in which announcements or vacancies are posted a sign no smaller than 10 inches by 14 inches indicating that all dwellings are available for rental on a nondiscriminatory basis.  A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

4.  Within thirty (30) days of the entry of this Decree and throughout the term of this Decree, the DPM Defendants shall ensure that any advertising for their rental properties, in newspapers, telephone directories, radio, television, the Internet, or other media, and on signs, pamphlets, brochures and other promotional literature, include a fair housing logo, the words "equal housing opportunity provider," and/or the following sentence:

> We are an equal opportunity housing provider.  We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability.

The words or logo should be prominently placed and clearly legible.

5.  Within thirty (30) days of the entry of this Decree the DPM Defendants shall provide to all tenants of the rental properties they own and/or manage a written notice, conforming with Appendix B, describing the Defendants' policy of nondiscrimination.  The Defendants shall also provide this policy to all prospective tenants at the time of application.

6.  Within thirty (30) days of the entry of this Decree, the DPM Defendants and Defendant GHA shall establish and adopt written complaint policies.

   a. The complaint policy of the DPM Defendants will inform applicants and tenants of their rental properties how and where to file a complaint with the management about the

practices of the DPM Defendants, their employees, and agents that relate to the nondiscrimination policy or to other rights afforded by the Fair Housing Act. The complaint policy of the DPM Defendants will also inform applicants and tenants of their right to file a fair housing complaint with the U.S. Department of Housing and Urban Development. The complaint policy shall be consistent with the reasonable accommodation policy described in Section VII of this Decree.

b. The complaint policy of Defendant GHA will inform recipients of the GHA's housing programs and about how and where to file a complaint with the GHA about its practices, employees, and agents that relate to the nondiscrimination policy or to other rights afforded by the Fair Housing Act. The complaint policy of Defendant GHA will also inform recipients of the GHA's housing programs and of their right to file a fair housing complaint with the U.S. Department of Housing and Urban Development.

7. The complaint policies of the DPM Defendants and Defendant GHA shall include, among other things, procedures for: (a) documenting the complaint in writing, and directives as to how these Defendants shall promptly investigate and resolve such complaints; (b) ensuring that a copy of the complaint is provided to the management office within seven (7) days of the complaint being raised; and (c) providing the complaining party or parties a copy of the complaint policy, a copy of this Consent Decree, and the name and contact information for a person in the Defendants' management who can answer questions about the complaint process.

8. The complaint policy of the DPM Defendants shall be posted and prominently displayed in the rental offices of the rental properties they own and/or manage and in any other places at those properties in which announcements or vacancies are posted. The complaint

policy of Defendant GHA shall be posted and prominently displayed in those offices in the GHA that are accessible or frequented by the public and in any other place at the GHA in which announcements are posted for public viewing.

## V. TRAINING

9. Within three (3) days of entry of this Decree, the DPM Defendants shall prepare and submit to Plaintiff United States for review and approval a summary of the affirmative provisions of the Decree (Sections II, IV, V, VI and VII) to provide to all of their agents and employees whose duties, in whole or in part, involve the management or rental of units at the properties they own and/or manage. The summary shall cite the Decree as the source of the obligations set forth in the document. The DPM Defendants shall make any revisions to the summary required by the United States within five (5) days of entry of the Decree. Within thirty (30) days of the entry of the Decree, the DPM Defendants shall provide the approved summary and the nondiscrimination policy to all such agents and employees, and shall secure the signed statement, conforming to Appendix C, from each such agent or employee acknowledging that s/he has received and read, and understands the summary and the nondiscrimination policy, and has had her or his questions about the affirmative requirements of the Decree and the nondiscrimination policy answered. Within thirty (30) days of the entry of this Decree, the GHA shall provide copies of this Decree and the nondiscrimination policy to all of its board members and officers, and to all of its agents or employees responsible for administering the GHA's Section 8 program, and shall secure the signed statement, conforming to Appendix D, from each board member and officer, and each agent or employee responsible for administering the Section 8 program acknowledging that s/he has received, read, and understands the Decree and the

nondiscrimination policy, and has had her or his questions about the Decree and the nondiscrimination policy answered.

10.  Within ninety (90) days of the entry of this Decree, the DPM Defendants and all employees and agents whose duties, in whole or in part, involve the management or rental of units at the properties they own and/or manage shall undergo fair housing training.  Within ninety (90) days of the entry of this Decree, the Defendant GHA shall ensure that all GHA officers, as well as all GHA agents or employees responsible for administering the GHA's Section 8 program, shall undergo fair housing training.  The training shall focus on discrimination because of disability and shall inform these individuals of their obligations under the Decree as well as applicable federal, state and local laws.  The training shall be conducted by a qualified third party, approved by the United States and unconnected to the Defendants, their employees, agents or counsel, and any expenses associated with this training shall be borne by the Defendants.  Those who attend the training shall be required to sign a certification confirming their attendance conforming to Appendices E and F.

11.  During the term of this Decree, each new employee or agent of the DPM Defendants whose duties, in whole or in part, involve the management of rental of units at properties owned and/or managed by these Defendants shall be given the United States-approved summary of the affirmative provisions of this Decree and the nondiscrimination policy.  Each such new employee or agent shall sign a statement conforming to Appendix C.  During the term of this Decree, each new GHA board member and officer, and each new GHA employee or agent whose duties, in whole or in part, involve administering the GHA's Section 8 program shall be given a copy of this Decree and the nondiscrimination policy.  Each such new board member, officer,

employee or agent shall sign a statement conforming to Appendix D.

## VI.  REPORTING AND RECORD-KEEPING REQUIREMENTS

12.  Within forty-five (45) days of the entry of this Decree, and thereafter on the anniversary of the entry of this Decree, the DPM Defendants and Defendant GHA shall submit to the United States a compliance report, except that the final report shall be submitted sixty (60) days prior to the anniversary of this Decree.  The compliance report shall include: (a) the signed statement of each agent and employee referred to in paragraphs 9-11, above; (b) copies of the DPM Defendants and Defendant GHA's nondiscrimination and complaint policies submitted pursuant to Section IV, above; and (c) copies of any advertisements, pamphlets, brochures or other promotional literature of the DPM Defendants concerning the rental properties they own and/or manage.

13.  Within twenty (20) days after the training required by paragraph 10, above, the Defendants shall provide to the United States (a) the name(s), address(es) and telephone number(s) of the trainer(s); (b) copies of the training outlines and any materials distributed by the trainers; and (c) the signed certifications confirming attendance.

14.  Within fifteen (15) days after the establishment of the complaint policy required by paragraphs 6-8, above, the Defendants shall provide to the United States a copy of the complaint policy.  For the duration of this Decree, the Defendants shall notify counsel for the United States, in writing, within fifteen (15) days of receipt of any complaint of housing discrimination against the Defendants or any of the Defendants' agents or employees.  Such notification shall include the date of the complaint, a copy of any written complaint or a description of the verbal complaint, and contact information for the complaining party.  Within fifteen (15) days of the

resolution of any such complaint, the Defendants shall notify counsel for the United States, in writing, providing the details of the resolution.

15. For the duration of this Decree, the Defendants shall preserve all records related to this Decree and any other documents related to the management or rental of units at the Subject Property. Such documents include, but are not limited to, applications, leases, resident assessment materials the GHA is required to maintain, tenant files, policies and procedures, and tenant tracker and unit availability logs. Upon reasonable notice to the Defendants, representatives of the United States shall be permitted to inspect and copy any of the DPM Defendants or Defendant GHA's records or inspect the rental properties owned and/or managed by the DPM Defendants at any and all reasonable times so as to determine compliance with the Consent Decree; provided, however, that the United States shall endeavor to minimize any inconvenience to the Defendants from such inspections.

## VII.   REASONABLE ACCOMMODATION POLICY

16. Within sixty (60) days after the date of entry of this Decree, the DPM Defendants shall, subject to the approval of the United States, adopt and implement specific written guidelines for receiving and handling requests made by people with disabilities for reasonable accommodations ("Reasonable Accommodation Policy for Persons with Disabilities"). These guidelines shall comply with the requirements of 42 U.S.C. §§ 3601 *et seq.*, and include the following elements:

    a. A provision describing where and how requests for accommodations in the Defendants' rules, policies, practices or services are to be accepted and processed;

    b. A provision stating that each request for reasonable accommodation and  response

thereto shall be fully documented by Defendants;

c.  A provision stating that all requests for accommodation shall be acknowledged, in writing, within 14 days of the Defendant's receipt of an oral or written request; however, Defendants reserve the right in the case of an oral request to seek written confirmation of the request;

d.  A provision stating that those requesting a reasonable accommodation shall be notified in writing of the decision regarding their request for accommodation within thirty-one (31) days of any Defendant's receipt of the request; if a request is denied, an explanation of the basis for such denial shall be included in this written notification;

e.  A provision stating that the final written decision regarding the reasonable accommodation request will be retained in Defendants' files;

f.  A provision stating that Defendants shall consider all requests for accommodations because of disability and shall grant those requests that are reasonable within the meaning of the Fair Housing Act; and

g.  A provision stating that Defendants shall not impose any additional fees, costs, or otherwise retaliate against any person who has exercised his or her right under the Fair Housing Act to make one or more reasonable accommodation requests and, if applicable, receive a reasonable accommodation.

17.  Within ninety (90) days of the date of entry of this Decree, the DPM Defendants shall provide a copy of the Reasonable Accommodation Policy for Persons with Disabilities to each current resident at each of the rental properties they own and/or manage, by delivering a copy by hand to each dwelling unit at those properties.

18.  For the duration of this Decree, the DPM Defendants shall provide a copy of the Reasonable Accommodation Policy for Persons with Disabilities to each new resident of the properties they own and/or manage within ten (10) days of the beginning of the residency.

19.  The DPM Defendants shall post the Reasonable Accommodation Policy in a conspicuous location in the management office, easily visable to residents and prospective residents.

20.  If the DPM Defendants propose to change these guidelines, they shall first notify the United States with a copy of the proposed changes.  If the United States does not deliver written objections to the Defendants within sixty (60) days of receiving the proposed changes, the changes may be effected.  If the United States makes any objections to the proposed changes within the sixty (60) day period, the specific changes to which the United States objects shall not be effected until the objections are resolved.

21.  If, after the expiration of 180 days of entry of this Decree, Defendant GHA has not developed, adopted and implemented guidelines for receiving and handling requests for reasonable accommodations ("Reasonable Accommodation Policy for Persons with Disabilities") approved by HUD pursuant to HUD's authority under Section 504 of the 1973 Rehabilitation Act, as amended, 29 U.S.C. § 794, and its implementing regulation at 24 C.F.R. Part 8 (Section 504), the GHA shall, within two hundred ten (210) days of entry of this Decree, adopt and implement a Reasonable Accommodation Policy for Persons with Disabilities that includes the elements set forth in paragraph 16(a) - (g), above, otherwise complies with the requirements of 42 U.S.C. §§ 3601, *et seq*., and is approved in advance by the United States. Any Reasonable Accommodation Policy proposed by the GHA pursuant to this paragraph shall

be submitted to the United States for review within one hundred ninety-five (195) days of entry of this Decree.  Defendant GHA shall provide a copy of any Reasonable Accommodation Policy adopted pursuant to this paragraph to each current recipient of the GHA's housing programs, and, for the duration of the Decree, shall provide a copy of the policy to each new recipient of the GHA's housing programs within ten (10) days of the individual becoming a recipient.  Defendant GHA shall post any Reasonable Accommodation Policy adopted pursuant to this paragraph in a conspicuous location in those offices in the GHA that are accessible or frequented by the public and in any other place at the GHA in which announcements are posted for public viewing.

22.   The DPM Defendants and Defendant GHA shall keep written records of each request for reasonable accommodation they receive during the duration of this Consent Decree.  These records shall include: (a) the name, address, and telephone number of the person making the request; (b) the date on which the request was received; (c) the nature of the request; (d) whether the request was granted or denied; and (e) if the request was denied, the reason(s) for the denial.[4]

## VIII.  DURATION OF DECREE AND TERMINATION OF LEGAL ACTION

23.   The Court shall retain jurisdiction for three (3) years after the entry of this Decree to enforce the terms of the Decree, at which time the case shall be dismissed with prejudice.  Prior to the expiration of the Decree's term, the United States may move the Court to extend the duration of the Decree for good cause, including on the basis that the Defendants have failed to comply with a provision of the Decree.

---

[4] This Consent Decree and attached Releases relate only to the resolution of the lawsuit filed by the United States Department of Justice on behalf of aggrieved persons, Charles and Sheila O'Steen.  They shall have no effect on any statutes or programs administered by HUD or enforced by HUD and/or the Department of Justice that are outside the scope of this Decree.

24. The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Decree prior to bringing such matters to the Court for a resolution. However, in the event of a failure by any of the Defendants to perform in a timely manner any act required by this Decree or otherwise to act in violation of any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees that may have been occasioned by the violation or failure to perform.

### IX. TIME FOR PERFORMANCE

25. Any time limits for performance imposed by this Consent Decree may be extended by the mutual, written agreement of the United States and the Defendants.

### X. COSTS OF LITIGATION

26. Each party to this Consent Decree shall bear its own costs and attorney's fees associated with this litigation.

**DONE AND ORDERED** this __10th__ day of January, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

The undersigned apply for and consent to the entry of this Decree:

**FOR PLAINTIFF THE UNITED STATES**:

| | |
|---|---|
| GREGORY R. MILLER | WAN J. KIM |
| United States Attorney | Assistant Attorney General |
| | Civil Rights Division |

| | |
|---|---|
| | *s/Nancy F. Langworthy* |
| E. BRYAN WILSON | STEVEN H. ROSENBAUM |
| Assistant United States Attorney | Chief |
| Northern District of Florida | MICHAEL S. MAURER |
| 111 N. Adams Street, 4th Floor | Deputy Chief |
| Tallahassee, Florida 32301 | NANCY F. LANGWORTHY |
| (850) 216-3825 | REBECCA B. BOND |
| FL BAR #604501 | Attorneys |
| | Housing and Civil Enforcement Section |
| | Civil Rights Division |
| | U.S. Department of Justice |
| | 950 Pennsylvania Avenue, N.W. - G St. |
| | Washington, D.C. 20530 |
| | Phone: (202) 616-8925 |
| | Fax: (202) 514-1116 |

**FOR THE DEFENDANTS GAINESVILLE HOUSING AUTHORITY, BERNADETTE WOODY, SARAH MOZELL:**

*s/Jeffrey S. Weiss*
JEFFREY S. WEISS
Florida Bar No.: 750565
ERIN J. O'LEARY
Florida Bar No.: 001510
Brown, Garganese, Weiss & D'Agresta, P.A.
225 E. Robinson Street, Suite 660
Post Office Box 2873
Orlando, Florida 32802-2873
Phone: (407) 425-9566
Fax.: (407) 425-9596

**FOR THE DEFENDANTS MADISON COVE OF GAINESVILLE, LTD., DAVIS PROPERTY MANAGEMENT, INC., FRAN FOCO AND PAUL FOCO**:

<u>*s/Justin M. Senior*</u>
JUSTIN M. SENIOR
Florida Bar No. 0079741
Law Offices of Justin M. Senior, P.A.
3312 West University Avenue, Suite I
Gainesville, FL 32607
Phone (352) 379-1121
Fax: (352) 376-6554